IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, BUILDING AND PUBLIC
WORKS LABORERS VACATION FUND, and
JOHN J. SCHMITT (in his capacity as a Trustee),

BUILDING TRADES UNITED PENSION TRUST
FUND and SCOTT REDMAN (in his capacity as
Trustee),

WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

WISCONSIN LABORERS DISTRICT COUNCIL,

                Plaintiffs,         OPINION AND ORDER

v.

                                              20-cv-41wmc

JP ANTHONY, INC.,

                Defendant.

The plaintiffs in this case include five employee benefit plans ("the Funds"), two trustees of the Funds, and a labor union. They bring this action against defendant J.P. Anthony, Inc., claiming that defendant violated the Employee Retirement Income Security Act ("ERISA"), 29. U.S.C. § 1001, *et seq.*, the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq.*, and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the employee benefit plans. Because defendant failed to plead or otherwise defendant against the suit, the clerk entered a default against it on September 14, 2020. Now before the court is plaintiffs' amended motion for default judgment. (Dkt. #7, 14.)

Default having been entered against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In their original motion for default judgment (dkt. #7) -- which they subsequently amended (*see* dkt. #14) -- and in supporting materials (dkts. #8-11), plaintiffs provide proof of damages against each of defendant. Having reviewed these materials, the court makes the following findings:

- Defendant JP Anthony, Inc. has failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure.

- Defendant JP Anthony, Inc. violated the Labor-Management Relations Act of 1947, as amended, as well as the Employee Retirement Income Security Act of 1974, as amended, and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees to the Funds.

- Due to defendant's failure, plaintiffs are entitled to total damages in the sum of $30.880.07 consisting of the following:

    (1) defendant's unpaid contributions and working dues (minus subsequent payments made by defendant), including interest and liquidated damages in the amount to $19,223.40, as supported by the declarations of Hughes, Brester and Rosenmerkel;

    (2) attorneys' fees in this case amount to $10,909.00; and

    (3) costs of prosecution amount to $747.67.

ORDER

IT IS ORDERED that:

1) Plaintiffs' amended motion for default judgment (*see* dkts. #7, 14) is GRANTED.

2) Plaintiffs are awarded $30.880.07, representing unpaid contributions and dues, liquidated damages, interest, attorneys' fees, and costs of prosecution, against defendant J.P. Anthony, Inc.

3) The clerk's office is directed to enter judgment consistent with this order and close this case.

Entered this 21st day of October, 2020.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge